## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| ANGELA NAILS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. CV422-103 |
| | ) | |
| FNU, LNU, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## O R D E R

Before the Court is Plaintiff Angela Nails's response to the Court's show cause order regarding subject matter jurisdiction. (Doc. 11.) In its show cause order, the Court questioned whether Plaintiff's claims, which appear to amount to simple trespass, could provide a basis for federal question jurisdiction. (Doc. 6 at 1-2.) In response, Plaintiff asserts that the Court has federal question jurisdiction over her complaint under either 25 C.F.R. § 163.29 or the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"). (Doc. 11 at 1.) However, Plaintiff is again mistaken about the scope of this Court's jurisdiction.

District courts are authorized to exercise original federal question jurisdiction over claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[A] federal court may dismiss a federal question claim for lack of

subject matter jurisdiction only if: (1) 'the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction'; or (2) 'such a claim is wholly insubstantial and frivolous.' " Blue Cross & Blue Shield of Ala. v. Sanders, 138 F.3d 1347, 1352 (11th Cir. 1998) (quotation omitted).

In this case, Plaintiff's purported bases for subject matter jurisdiction are clearly immaterial to her claims. As an initial matter, there exists no general cause of action for trespass under federal law. See Villella v. Hall, 83 F. App'x 126, 128 (7th Cir. 2003) (holding trespass claims do not "allege a violation the Constitution" (citing Andree v. Ashland Cnty., 818 F.2d 1306, 1314-15 (7th Cir. 1987)). Further, the two federal laws on which Plaintiff relies clearly have no application to Plaintiff's claims. First, 25 C.F.R. § 163.29 allows the United States and Indian tribes to bring actions against individuals for trespass to Indian land. See Pacino v. Oliver, No. 18-cv-06786-RS, 2019 WL 13128558, at *3 (N.D. Cal. Aug. 29, 2019). As Plaintiff has not alleged to be representing an Indian tribe or living on Indian land, this law is plainly immaterial. Plaintiff's reference to CERCLA is similarly misplaced. (Doc. 11 at 1.) CERCLA authorizes civil suits against facilities that illegally release or threaten to release hazardous substances, Redwing Carriers, Inc. v. Saraland Apartments, 94 F.3d 1489, 1496-97 (11th Cir. 1996), and

2

has even less factual relation to Plaintiff's claims than 25 C.F.R. § 163.29.

Based on the foregoing, the Court does not find that Plaintiff has provided a sufficient, non-frivolous basis for the Court to exercise subject matter jurisdiction over this case. Accordingly, Plaintiff's complaint (Doc. 1.) is **DISMISSED WITHOUT PREJUDICE.** Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) and Plaintiff's Rule 26(f) Report (Doc. 9) are **DISMISSED AS MOOT.** The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this _____ day of May 2022.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3